UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANDREW WOODS,

    Plaintiff,

v.

ALLEN COUNTY *et al.*,

    Defendants.

CAUSE NO. 1:25-CV-509 DRL-SJF

## OPINION AND ORDER

Andrew Woods, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Woods alleges that he has received inadequate dental care while housed at the Allen County Jail. Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. Woods has named two defendants: the Allen County Jail and Allen County.

Mr. Woods can't proceed against the Allen County Jail because it's a building. It isn't a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Mr. Woods also can't proceed against Allen County. Allen County can only be held liable if the plaintiff's constitutional rights were violated due to its policies, practices, or customs, and the complaint doesn't allege that any policy, practice, or custom of Allen County caused Mr. Woods to receive constitutionally inadequate dental care. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

This complaint doesn't state a claim for which relief can be granted. If Mr. Woods believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Andrew Woods until **November 24, 2025**, to file an amended complaint; and

(2) CAUTIONS Andrew Woods that, if he doesn't respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

October 23, 2025  　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court